IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIO CESAR IBANEZ,

        Plaintiff,                        No. CIV S-06-2668 RRB EFB P

    vs.

M. MILLER, et al.,

        Defendants.             <u>ORDER</u>

                              /

      Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42 U.S.C. § 1983. On May 15, 2007, the court dismissed plaintiff's complaint on the ground that it violated Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure, and gave plaintiff time to file an amended complaint. On June 6, 2007, plaintiff filed a first amended complaint.

      The court has reviewed plaintiff's June 6, 2007, first amended complaint pursuant to 28 U.S.C. § 1915A and finds that although the defects identified above are cured, it does not state a cognizable claim against any defendant. To proceed, plaintiff must file a second amended complaint.

      Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a

1

defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. The allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact." *Bell Atlantic Corporation v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1965 (2007).

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

////

1 *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

Plaintiff alleges that while he was confined at Pelican Bay State Prison, he informed a guard that he feared for his life, whereupon he was placed into administrative segregation while prison officials investigated. Thereafter, defendants F. Jaquez, M. Foss,, D. Bruce, M. Miller and Doe Rice determined that plaintiff was a member of the Mexican Mafia in good standing with the Southern Mexicans, and instead of designating plaintiff a "sensitive needs" prisoner and keeping him at Pelican Bay, they transferred him to High Desert State Prison (HDSP), where plaintiff subsequently was attacked by Northern Mexicans. He also alleges that while he was confined at HDSP, defendants John Doe, M. Wright, D. Patton and M. Townsend knew that plaintiff was a member of the Mexican Mafia in good standing with the Southern Mexicans, but on April 4, 2006, released plaintiff to the yard, where he was attacked and seriously injured by two members of the Southern Mexican gang. He claims that defendant Rice endangered plaintiff because other prisoners came to believe that plaintiff was a "snitch." He also seems to claim that since all defendants knew that plaintiff was in protective custody at PBSP, he should not have been transferred to HDSP and treated as a general population prisoner there.

To state a claim prison officials violated their Eighth Amendment duty to protect a prisoner from violence at the hands of guards or other prisoners, plaintiff must allege that an identified state actor with responsibility for ensuring plaintiff's safety knew plaintiff faced substantial risk of serious harm but deliberately disregarded the risk by failing to take reasonable measures, resulting in avoidable, objectively serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). Plaintiff's allegations do not satisfy this standard.

////

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* Cal. Code Regs. tit. 15, § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby orders that the complaint is dismissed with leave to amend within 30 days. Plaintiff shall file an original and one copy of the second amended complaint, which must bear the docket number assigned to this case and be titled "Second Amended Complaint." Failure to file an amended complaint will result in a recommendation this action be

////

1  dismissed for failure to state a claim.  If plaintiff files an amended complaint stating a
2  cognizable claim the court will proceed with service of process by the United States Marshal.
3  Dated: July 16, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE