1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JULIO CESAR IBANEZ,

11              Plaintiff,              No. CIV S-06-2668 RRB EFB P

12        vs.

13   F. JAQUEZ, et al.,

14              Defendants.             <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner without counsel seeking relief for alleged civil rights

17   violations.  *See* 42 U.S.C. § 1983.  On July 17, 2007, the court dismissed plaintiff's complaint

18   with leave to amend.  On August 15, 2007, plaintiff filed a first amended complaint.

19        The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A

20   screening, finds that it states a cognizable claim against defendants John Doe, M. Wright, M.

21   Townsend and D. Patton for housing him and releasing him to the recreational yard with active

22   gang members.  *See* 28 U.S.C. § 1915A.

23        For the reasons stated below, the court finds that the complaint does not state a

24   cognizable claim against defendants M. Miller, F. Jaquez, M. Foss or D. Bruce.

25        Plaintiff may proceed forthwith to serve defendants M. Wright, M. Townsend and D.

26   Patton and pursue his claims against only those defendants or he may delay serving any

1

1  defendant and attempt again to state a cognizable claim against defendants M. Miller, F. Jaquez,
2  M. Foss and D. Bruce.

3      If plaintiff elects to attempt to amend his complaint to state a cognizable claim against
4  defendants M. Miller, F. Jaquez, M. Foss and D. Bruce, he has 30 days so to do.  He is not
5  obligated to amend his complaint.

6      If plaintiff elects to proceed forthwith against defendants M. Wright, M. Townsend and
7  D. Patton, against whom he has stated a cognizable claim for relief, then within 20 days he must
8  return materials for service of process enclosed herewith.  In this event the court will construe
9  plaintiff's election as consent to dismissal of all claims against defendants M. Miller, F. Jaquez,
10  M. Foss and D. Bruce without prejudice.

11      Any amended complaint must show the federal court has jurisdiction, the action is
12  brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It
13  must contain a request for particular relief.  Plaintiff must identify as a defendant only persons
14  who personally participated in a substantial way in depriving plaintiff of a federal constitutional
15  right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the
16  deprivation of a constitutional right if he does an act, participates in another's act or omits to
17  perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff
18  contends he was the victim of a conspiracy, he must identify the participants and allege their
19  agreement to deprive him of a specific federal constitutional right.

20      In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.
21  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.
22  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or
23  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

24      The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d
25  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
26  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

1   84; *cf.* Rule 9(b) (setting forth rare exceptions to simplified pleading).

2        Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

3   directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

4   point of a simplified pleading system, which was adopted to focus litigation on the merits of a

5   claim."); Fed. R. Civ. P. 8.  The "[f]actual allegations must be enough to raise a right to relief

6   above the speculative level on the assumption that all the allegations in the compliant are true

7   (even if doubtful in fact)."  *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995,

8   1965 (2007) (citations omitted).

9        Plaintiff alleges that M. Miller, F. Jaquez, M. Foss and D. Bruce reviewed the results of a

10  ten-month investigation into plaintiff's gang affiliation, determined that he was in good standing

11  with the Southern Mexicans, removed him from protective housing and transferred him to High

12  Desert State Prison.  He further alleges that he objected to his transfer.  Officials at High Desert

13  State Prison refused to place plaintiff in segregated housing, and he was attacked by Southern

14  Mexicans.  Section 1983 of Title 42 of the United States Code creates a cause of action against

15  persons who deprive any individual of a right secured to him by the Constitution or laws of the

16  United States while acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

17  As explained in the court's July 17, 2007, order, to state a claim prison officials violated their

18  Eighth Amendment duty to protect a prisoner from violence at the hands of guards or other

19  prisoners, plaintiff must allege that an identified state actor with responsibility for ensuring

20  plaintiff's safety knew plaintiff faced substantial risk of serious harm but deliberately

21  disregarded the risk by failing to take reasonable measures, resulting in avoidable, objectively

22  serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).

23        Plaintiff's allegations against defendants M. Miller, F. Jaquez, M. Foss or D. Bruce do

24  not satisfy this standard.

25        Plaintiff must eliminate from his pleading all preambles, introductions, argument,

26  speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

3

defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996)

(affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

*v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

Civil Procedure is fully warranted" in prisoner cases).

The court (and defendant) should be able to read and understand plaintiff's pleading

within minutes. *McHenry*, 84 F.3d at 1179-80. A long, rambling pleading including many

defendants with unexplained, tenuous or implausible connection to the alleged constitutional

injury, or joining a series of unrelated claims against many defendants, very likely will result in

delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action

pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court

will not dismiss it without first identifying the problem and giving plaintiff an opportunity to

cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will be

construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff

violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior

pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff

files an amended complaint, the original pleading is superseded.

By signing a third amended complaint plaintiff certifies he has made reasonable inquiry

and has evidentiary support for his allegations and that for violation of this rule the court may

impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative

remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth*

*v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any

departmental decision, action, condition, or policy which they can demonstrate as having an

adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, *et seq.* An appeal must

be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants M. Wright, M. Townsend and D. Patton.

Accordingly, the court hereby orders that:

1. Claims against defendants M. Miller, F. Jaquez, M. Foss and D. Bruce are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

2. The allegations in the pleading are sufficient at least to state a cognizable claim against John Doe. However, an unidentified defendant cannot be served. Therefore, to proceed against him, plaintiff must discover his true identity and file a fourth-amended complaint identifying him. In due course, the court will issue a discovery and scheduling order, which will include the time for discovering the identity of this defendant and filing an amended compliant.

3. The allegations in the pleading are sufficient at least to state cognizable claims against defendants M. Wright, M. Townsend and D. Patton. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed August 15, 2007, three USM-285 forms and instructions for service of process on defendants M. Wright, M. Townsend and D. Patton. Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and four copies of the endorsed August 15, 2007, complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.

Defendants M. Wright, M. Townsend and D. Patton will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants M. Miller, F. Jaquez, M. Foss and D. Bruce for failure to state a claim.

Dated:  December 4, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JULIO CESAR IBANEZ,

11              Plaintiff,              No. CIV S-06-2668 RRB EFB P

12        vs.

13   F. JAQUEZ, et al.,

14              Defendants.        NOTICE OF SUBMISSION OF DOCUMENTS

15   _____/

16        Plaintiff hereby submits the following documents in compliance with the court's order

17   filed _____:

18              __1__          completed summons form

19              __3__          completed forms USM-285

20              __4__          copies of the __August 15, 2007___
                                        Amended Complaint
21

22   Dated:

23                              _____
                                        Plaintiff
24

25

26

                                    7