IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIUS CESAR IBANEZ,

        Plaintiff,                     No. CIV S-06-2668 JAM EFB P

    vs.

M. WRIGHT, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

        Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the August 15, 2007, first amended complaint in which plaintiff claims that defendants M. Wright, M. Townsend and D. Patton housed him with and released him to the yard with active gang members, who ultimately attacked him. Am. Compl. at 8. Currently under consideration is plaintiff's motion for a preliminary injunction. In it, he requests an order directing that he be transferred to Pelican Bay State Prison to be housed in the Security Housing Unit ("SHU"). For the reasons explained below, the motion must be denied.

        A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

1

F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  The Ninth Circuit standards for preliminary injunctive relief are well established:

> "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989).  A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor." *Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344 F.3d at 917 (internal quotation marks and citations omitted).  "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation.  No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal punctuation and citations omitted).

*E. & J. Gallo Winery v. Andina Licores S.A.* , 446 F.3d 984, 990 (9th Cir. 2006).  If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly.  *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978).  The threatened injury must be immediate.  *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980).  And since the remedy is equitable in nature, there must be no adequate remedy at law.  *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994).  If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant.  *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

In the amended complaint, plaintiff alleges that he was classified as a gang member while housed at Pelican Bay State Prison, and was transferred to where he currently is housed, High Desert State Prison ("HDSP").  He initially was placed in segregated housing, but defendants decided to release him to the general population, where rival gang members attacked him.

////

1  Having stated a claim that defendants were deliberately indifferent to his need for safety,
2  plaintiff arguably has demonstrated that there are serious questions going to the merits.
3  However, even assuming serious questions he has not shown that the balance of relative harm
4  tips sharply in favor granting a preliminary injunction.
5       In an attempt to demonstrate that the balance of hardships tips sharply in his favor,
6  plaintiff has submitted at least 100 pages of documents, none of which is helpful.  It is important
7  to note that prison officials moved plaintiff into protective housing after an attack, and it appears
8  that he still is housed there.  Pl.'s Mot., at 3; Ex. 1.  In his motion, plaintiff contends that
9  unidentified HDSP officials have contrived to have other prisoners kill him.  *Id*., at 5.  The only
10 act he relies upon in support of this contention is the attack that precipitated this lawsuit.  *Id.*  He
11 does not allege that he is housed with or shares yard time with anyone who might attack him.
12 Not one of the documents he has submitted in support of his motion shows that he has enemies at
13 HDSP or that he is permitted at any time to mingle with gang members.
14      Plaintiff also contends that unidentified prison officials at HDSP have retaliated against
15 him, have conducted random and poorly executed cell searches, have restricted his access to the
16 law library and have arbitrarily denied his administrative appeals.  *Id.*, at 5.  He does not allege
17 any particular facts to support these general allegations or identify the participants in these
18 alleged acts, but simply relies on the attached documents.  The court has reviewed these
19 documents.  They demonstrate that plaintiff at various times was a "PLU," i.e., had priority
20 access to the library because he had documented filing dates, and at other times he did not.  Pl.'s
21 Mot., Ex. 2.  He filed appeals regarding his access to the law library.  *Id.*  From these appeals, it
22 appears that plaintiff was pursuing at least three cases concerning either his conviction or the
23 conditions of his confinement and had difficulty satisfying some of the court-ordered filing
24 dates.  *Id.*  However, this difficulty has not caused him any injury in this action.  *See Lewis v.*
25 *Casey*, 518 U.S. 343, 351 (1996) (injury is demonstrated by evidence that was hindered in his
26 efforts to pursue his legal claim).  He has not explained how transfer to the Pelican Bay SHU

3

would result in greater access to the law library. Plaintiff's exhibits also show that his cell was searched periodically in 2006, 2007, and 2008. Many belongings were confiscated, most of which appear to have been trash or contraband, e.g., altered state-issued clothing, cardboard, plastic bags and wire. Pl.'s Mot., Ex. 2. When a fan improperly was confiscated, plaintiff appealed and was presented with a new fan. *Id.* Insofar as any property was improperly confiscated, plaintiff again has failed to explain how transferring him to a different facility will provide him any redress. Plaintiff also asserts that he was accused unfairly and disciplined for stealing from the law library, and that medical staff threatened to use force when he refused to submit to turberculosis testing, which is performed on all prisoners annually. Pl.'s Mot., Ex. 6. Plaintiff seems to contend that these actions were retaliatory in nature, but he makes no connection between the exercise of a First Amendment right and these events. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2003) (setting out elements of a retaliation claim).

Finally, there is no evidence in the record that any of the acts of which he complains have, are or will in any way interfere with the court's ability to resolve the claims in the complaint. Therefore, the court cannot find either that plaintiff faces an imminent danger or irreparable harm or that the balance of hardships tips sharply in his favor.

Accordingly, it is hereby recommended that plaintiff's July 28, 2008, motion for a preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 15 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the

////

////

////

1 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
2 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 Dated: November 3, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE