IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIO CESAR IBANEZ,

        Plaintiff,                      No. CIV S-06-2668 JAM EFB P

    vs.

M. MILLER, et al.,

        Defendants.          <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently under consideration is plaintiff's motion to compel discovery. For the reasons explained below, the motion is granted in part and denied in part.

**I.    Facts**

       This action proceeds on the August 15, 2007, second amended complaint. In it, plaintiff alleges that defendants M. Wright, D. Patton and M. Townsend knew that plaintiff was a member of the Mexican Mafia and also was in good standing with a different gang that plaintiff refers to as the Southern Mexicans.[1] Knowing this, defendants on April 4, 2006, released plaintiff to the yard, where he was attacked and seriously injured by two members of the

---

[1] This gang also is known as the "Surenos." However, plaintiff uses only the name, "Southern Mexicans."

1

1  Southern Mexicans.  Defendants have answered the complaint.  On October 13, 2008, plaintiff
2  served on defendants his requests for the production of documents.  Defendants served responses
3  in which they produced some documents but made a number of objections.  On December 17,
4  2008, plaintiff served his motion to compel.  The Clerk of the Court docketed the motion on
5  December 22, 2008.  Defendants have filed an opposition to that motion.

**II.    Standards**

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  Fed. R. Civ. P. 26(b)(1).  Information is relevant for purposes of discovery if "it is reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevant information encompasses  "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Because discovery is designed to define and clarify the issues in the case, it is not limited to the precise issues raised in the pleadings.  *Id.*, at 350-51. "The question of relevancy should be construed "liberally and with common sense" and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610  (N. D. Cal. 1995), quoting *Miller v. Panuci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992).  The court may limit discovery if it determines the discovery sought is unreasonably cumulative or obtainable from a more convenient or less expensive source, the party seeking discovery had ample opportunity to obtain the information sought, or the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2).  A party has a continuing duty to supplement, correct or amend discovery responses if the court so orders or if the party learns the responses were in some material respect incorrect or incomplete and the information has not otherwise been made available to other parties.  Fed. R. Civ. P. 26(e)(1).

Any party may request any other party produce for inspection documents including writings, drawings, graphs, charts or data compilations.  Fed. R. Civ. P. 34(a).  The requesting

1  party must identify the items to be produced and the party upon whom the request is made must
2  make a written response stating that inspection will be permitted as requested, unless the party
3  objects and states the basis therefor. Fed. R. Civ. P. 34(b). A party may move for an order
4  compelling discovery with respect to objections or other failure to respond to requests to produce
5  documents. Fed. R. Civ. P. 37(a)(2)(B), 34(b).

**III.  Analysis**

   **A.  General Objections**

Before considering the objections to plaintiff's individual requests, the court addresses defendants' general objections to plaintiff's motion to compel. Defendants assert that the court should deny plaintiff's motion to compel because plaintiff filed it late. They argue that, pursuant to the amended scheduling order, motions to compel discovery had to be filed no later than December 18, 2008. Thus, they contend, plaintiff's motion, served on December 17, 2008, but docketed on December 22, 2008, is untimely. Defs.' Opp'n, at 4. While defendants' reading of the amended schedule is correct, they ignore both the date on plaintiff's certificate of service and the mailbox rule. Plaintiff is a prisoner without counsel and the court must apply the rule of *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (*pro se* habeas petitioner's notice of appeal deemed filed the date he delivered it to prison officials to be mailed to the court). Plaintiff's motion to compel discovery was filed the date he served the motion. *See Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995) (prisoner mailbox rule of *Houston* applies to other filings, including those in civil rights actions). *Caldwell v. Amend*, 30 F.3d 1199, 1201-02 (9th Cir. 1994) (mailbox rule of *Houston* applied to *pro se* prisoner's motion filed pursuant to Rule 50(b) of the Federal Rules of Civil Procedure). He served the motion on December 17, 2008, which constitutes the deemed filed date and the was timely.

   **B.  Procedural Deficiency of Plaintiff's Motion**

Defendants also contend that plaintiff's motion is procedurally defective because he has not adequately supported it. In particular, they assert that plaintiff 's motion should be denied in

its entirety because plaintiff "failed to specify which requests are at issue." Defs.' Opp'n, at 5. The Local Rules of this Court require a party seeking an order to compel discovery to submit to the court the requests for production which are at issue. L. R. 34-250(c). This objection is overruled. Plaintiff submitted defendants' responses to his request for the production of documents. Defendants objected to all but one of plaintiff's thirty-three requests.[2] Furthermore, in his motion, plaintiff requests an order directing the defendants to "comply in full to plaintiff's request for discovery," and refers specifically to his request for the production of documents. Pl.'s Mot. to Compel, at 1, Ex. II. The court construes plaintiff's motion as requesting rulings on each of defendants' objections. Defendants offer no reason why such a construction would be unreasonable. Therefore, the court now turns to plaintiff's specific requests and defendants' objections.

### 1. Request Number 1

Plaintiff seeks, "[a]ny and all grievances, complaints or other documents received by the Defendants or their agents at High Desert State Prison concerning 'cause and effect,' where actual entrapment has been believed to have been done to inmates and serious injury or death at the hands of other inmates was th end result." Defendants make a number of objections, but ultimately assert that they have no documents responsive to this request. Given defendants' representation that there are no such documents, the court does not reach defendants' other objections and denies plaintiff's motion with respect to this request.

### 2. Request Number 2

Plaintiff seeks "[a]ny and all grievances, complaints or other documents received by the Defendants or their agents at High Desert State Prison concerning the inadequate/poor review of inmates' case factors relevant to their program needs and the cause of any adverse effects to their program needs." Defendants object that the request is overbroad, vague and unintelligible,

---

[2] Defendants produced documents in response to plaintiff's Request Number 14 without objection.

4

violates the privacy rights of other prisoners, and calls for the production of documents that are protected under state law. However, they produce one grievance, No. HDSP-D-06-0911 (IAB No. 0600494).

Plaintiff's claim that defendants allowed plaintiff to be released to the yard on April 4, 2006, when they knew plaintiff was at risk of attack by gang members is a narrow claim. Thus, insofar as plaintiff seeks grievances and complaints filed years before the events giving rise to this action, the request is temporally overbroad. However, any such grievances or complaints filed within six months preceding the events giving rise to this action are relevant insofar as they could lead to evidence establishing motive, opportunity, intent, preparation, plan knowledge, identity or absence of mistake or accident. Defendants also object that disclosing documents responsive to this request would violate the privacy interests of other prisoners. *See* Cal. Code Regs. tit. 15, §§ 3321, 3370. Federal courts are not insensitive to privacy concerns that arise in discovery matters. *See Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995). Resolving an objection based on privacy "requires a balancing of the need for information sought against the privacy right asserted." *Id.* Federal courts give some weight to privacy rights protected under state law, but these rights must be "balanced against the great weight afforded to federal law in civil rights cases" against corrections officials. *Id.* As a general matter, a protective order will "minimize the impact" of disclosure. *Id.* Here, defendants rely on two sections of the California Code of Regulations. The sections pertain to the release of "Case Records Files" and "Unit Health Records Material" of prisoners and parolees. However, defendants make no particular argument regarding their applicability. Neither do they engage in a balancing of the interests at stake. Therefore, the objection is overruled. Defendants must supplement their response with grievances and complaints filed within six months of the events giving rise to this action. Defendants may redact the names and identification numbers of other prisoners who are not a party to this action.

////

### 3. Request Number 3

Plaintiff requests "[a]ny and all policies, directives, or instructions to staff concerning the screening process and case factors review of newly [sic] arrivals (inmates) to the institution." Defendants object that the request is overborad in time and scope, and the terms "screening process," "case factors" and "newly [sic] arrivals," are vague. The concerns are well-taken. However, defendants produced various sections of title 15 of the California Code of Regulations, various provisions of the Department Operations Manual, and a document called, "Initial Housing Review." It appears that defendants have been able to discern what documents plaintiff sought and have construed his request accordingly. Moreover, since plaintiff does not seek supplementation of this request, it appears that these documents satisfied this request, and this portion of plaintiff's motion to compel is denied as moot.

### 4. Request Number 4

Plaintiff seeks "[a]ny and all Policies, directives or instructions to staff for the preparation and execution of an institutional classification committee." Defendants object that this request is overbroad in time and scope, and the term "preparation and execution of an institutional classification committee" is vague. However, as with plaintiff's third request, defendants have produced documents which, in light of plaintiff's failure to state otherwise, the court presumes were responsive. Accordingly, this portion of plaintiff's motion to compel is denied as moot.

### 5. Request Number 5

Plaintiff seeks "[a]ny and all policies, directives, or instructions to staff on how to monitor and operate recreational yard time for inmates in general population." Defendants object that the request is overbroad in time and scope, vague and seeks documents outside the scope of discovery. They present no argument or analysis as to why the documents are outside the scope of discovery. However, again, defendants have produced documents in response to the request.

6

Therefore, defendants shall supplement their response pursuant to Federal Rule of Civil Procedure 26(e)(1)(A) to certify the representation that all responsive documents have been produced and this portion of plaintiff's motion to compel is denied as moot.

### 6. Request Number 6

Plaintiff seeks "[a]ny and all policies, directives, or instructions to staff on how to respond to an alarm on the yard in a general population setting." Defendants object that the request is overbroad in time and scope, vague and seeks documents outside the scope of discovery but present no argument about why. Defendants have produced a document in response to the request, but have redacted 25 pages from it. *See* Defs.' Opp'n, Ex. B. They submit a privilege log, *see* Mot., Ex. 1 at 18,[3] which asserts that they are entitled to withhold 25 pages of information based on sections 3321 and 3450 of Title 15 of the California Code of Regulations. Section 3321 specifies four types of confidential material and the various uses to which it may be put. Section 3450 relates to access to records and personal information about "any person on whom the department maintains a record or file containing personal information . . . ." Cal. Code Regs. tit 15, § 3450(a). Defendants do not make any specific argument about how these provisions weigh against disclosing the documents plaintiff seeks. In their opposition to plaintiff's motion, defendants seem to assert that plaintiff seeks documents subject to the "official information privilege." Defs.' Opp'n, at 3. However, they do not offer any argument or support that might enable the court to find that this privilege applicable. *See Kelly v. City of San Jose,* 114 F.R.D. 653, 670 (N. D. Cal. 1987). Their general argument that they are entitled to invoke this privilege is insufficient to resist disclosure. *Miller v. Panucci*, 141 F.R.D. 292 (C. D. Cal. 1992). For these reasons, defendants' objections are overruled and they must turn over the pages that they have withheld.

////

---

[3] In the privilege log, defendants refer to Request Number 5. This appears to be a typographical error.

7

### 7. Requests Numbers 7 & 8

Request No. 7 seeks "[a]ny and all policies, directives, or instructions to staff concerning a general population yard gun tower, as well as the surrounding units gun towers, when general population recreational yard time is released, conducted, and terminated."  Request No. 8 seeks "[a]ny and all policies, directives, or instructions to staff on how to secure and collect evidence for prosecution on a stabbing incident."  Defendants object that the requests are overbroad in time and scope, are vague and seek information that is both outside the scope of discovery and protected from disclosure by sections 3321 and 3370 of title 15 of the California Code of Regulations.  However, they disclose documents they say are responsive as to both requests.  As to request No. 7, they produce documents they identify as "Post Orders, Post No. 281576, dated June 2008."[4]  Because defendants have produced responsive documents and make no argument in support of any of their objections, the objections are overruled.  Accordingly, defendants must supplement their disclosures pursuant to Federal Rule of Civil Procedure 26(e)(1)(A) to certify that they have now produced all responsive documents.

### 8. Request Number 9

Plaintiff requests "[a]ny and all policies, directives, or instructions that governs [sic] the response of staff to an inmate whom [sic] is believed to be the victim of a stabbing or an incident."  Defendants object that the request is overbroad in time and scope, vague and seeks information that is both outside the scope of discovery and protected from disclosure by Cal. Code. Regs. tit. 15, §§ 3321 and 3370.  However, they also assert that the document referred to as High Desert State Prison Operational Procedure # 102, which was produced in support of Request Number 6 in redacted form, responds to this request.[5]  Defendants contend that this document is privileged.  In their privilege log they cite Cal. Code Regs. tit. 15, §§ 3321 and 3370

---

[4] Plaintiff does not argue that the documents produced are not responsive or that other responsive documents have been withheld.

[5] Defendants did not produce the document again in response to Request Number 9.

8

as the basis of the privilege. Mot., Ex. 1 at 18. They also assert a "right to privacy of third parties." *Id*. With respect to privilege, defendants argue that the 25 pages of redacted information "contain information which, if disclosed will jeopardize or compromise the safety of correctional staff and an inmate who is not a party, nor [sic] has any connection, [sic] to this lawsuit." Defs' Opp'n, at 7. Insofar as defendants seek to rely on the official information privilege, to which they refer at page three of their opposition, they have not made any showing to substantiate the claim of privilege. They do not offer any argument or support that might enable the court to find that this privilege applies. *See Kelly v. City of San Jose,* 114 F.R.D. 653, 670 (N. D. CA 1987). Their general argument that they are entitled to invoke this privilege is insufficient to resist disclosure. *See Miller v. Panucci*, 141 F.R.D. 292, 301 (C. D. Cal. 1992). With respect to a claimed privacy privilege, they do not identify with any specificity the privacy interests at stake or articulate how they outweigh the need for disclosure. Defendants' objection is overruled, and they must supplement their disclosure under Federal Rule of Civil Procedure 26(e)(1)(A) to certify that all responsive documents have been produced.

### 9. Request Number 10

Plaintiff seeks, "[a]ny and all policies directives, or instructions to medical staff that governs the response to incidents and treatment of inmates." Defendants object that this request is overbroad in time and scope and seeks information both outside the scope of discovery and protected from disclosure under Cal. Code Regs. tit. 15, §§ 3321 and 3370. However, they produce documents responsive to the request, and make no argument about why their objections should be sustained. For his part, plaintiff does not assert that these documents are not responsive or that responsive documents have been withheld. Defendants shall supplement their disclosure under Federal Rule of Civil Procedure 26(e)(1)(A) to certify that all responsive documents have been produced, and this portion of plaintiff's motion to compel is denied as moot.

////

### 10. **Requests Numbers 11, 12 & 13**

In Request Number 11, plaintiff requests, "[a]ny and all policies, directives, or instructions governing the "modification" of a general population inmate to a sensitive needs placement inmate." In Number 12 plaintiff requests, "[a]ny and all policies, directives, or instructions governing staff response and obligation when sensitive needs placement is warranted/requested of by [sic] an inmate." In Number 13 plaintiff seeks, "[a]ny and all policies, directives, or instructions governing the transfer of a sensitive needs inmate to another prison." Defendants object that these requests are overbroad in time and scope, vague, and seek information both outside the scope of discovery and protected from disclosure under Cal. Code Regs. tit. 15, §§ 3321 and 3370. Defendants produce documents to both requests and fail to make any argument in support of their objections. Therefore, the objections are overruled. Defendants must supplement their responses pursuant to Federal Rule of Civil Procedure 26(e)(1)(A) to certify that all responsive documents have been produced.

### 11. **Requests Number 15 & 16**

Plaintiff requests "[a]ny and all photographs taken of Plaintiff's body the day of the incident. Any interrogatories of Plaintiff on the day of the incident. Any photographs or the inspection of Plaintiff's bloodied clothing of the incident. Any photographs or the physical inspection of the weapons used on to [sic] Plaintiff by assailants." Defendants object that terms "the incident," "any interrogatories," and "the physical inspection" are vague, that the request is compound, and that it contains impermissible subparts and seeks information outside the scope of discovery. However, defendants further state they assume plaintiff seeks photographs about the April 4, 2006, stabbing, and assert that they have none. In Request Number 16, plaintiff seeks "[a]ny and all audio or visual recordings of Plaintiff's Committee hearings while in High Desert State Prison." Defendants object that the request is overbroad, but assert that they have no recordings responsive to the request. Defendants shall supplement their responses pursuant to Federal Rule of Civil Procedure 26(e)(1)(A) to certify that they possess no such responsive

10

items, and plaintiff's motion to compel as to requests numbers 15 and 16 is denied. Any responsive photographs defendants find in the future must be disclosed pursuant to Federal Rule of Civil Procedure 26(e)(1)(A).

### 12. Request Number 17

Plaintiff seeks "complete copys [sic] of the investigation conducted by Pelican Bay State Prison and documented as confidential CDC form 128-B, dated November 23, 2005." Defendants object that the request is vague and unintelligible, fails to state with particularity what documents are sought, and seeks disclosure of documents protected from disclosure under Cal. Code Regs. tit. 15, §§ 3321 and 3370. However, defendants produced responsive documents, one of which is a written evaluation of the safety concerns surrounding plaintiff while at Pelican Bay State Prison. Defs.' Opp'n, Ex. C. Defendants redacted the name of a prisoner who is not a party to this action. The court has reviewed the document in detail. It appears that the fellow prisoner mentioned in this document was not affiliated with the Southern Mexicans gang. In light of this information, the court cannot find that his identity is within the scope of discovery. However, the fact that plaintiff named this prisoner as a potential gang member potentially places this prisoner in danger. The court finds that the prisoner's interest in privacy far outweighs plaintiff's need for the identity of the fellow-prisoner. Therefore, the court finds that the redaction is appropriate. Defendants' objection in that regard is sustained. Since plaintiff does not argue that responsive documents have been withheld, defendants' obligation to supplement their disclosures arises only under Federal Rule of Civil Procedure 26(e)(1)(A).

### 13. Request Number 18

Plaintiff seeks "complete copys [sic] of the investigation conducted by High Desert State Prison and documented as confidential memorandum dated April 12, 2006." Defendants object that the request is vague and unintelligible, fails to state with particularity what documents are sought, and seeks documents that are outside the scope of discovery and protected from disclosure under Cal. Code Regs. tit. 15, §§ 3321 and 3370. However, defendants produced

documents concerning prison officials' investigation of the April 4, 2006, stabbing. The objections are overruled. Again, plaintiff does not argue that responsive documents have been withheld and defendants are not obliged to supplement further their disclosures except as that duty arises under Federal Rule of Civil Procedure 26(e)(1)(A).

### 14. Request Number 19

Plaintiff seeks, "[a] complete copy of Plaintiff's medical file from March 22, 2006 till [sic] present time." Defendants object that the request is overbroad in time and scope, seeks documents outside the scope of discovery and is unduly burdensome in that the effort required to produce all the documents plaintiff seeks is wildly out of proportion to the existing documents that are responsive to plaintiff's request. Despite these objections, defendants produced a number of documents generated from April 4, 2006 through May 11, 2006. They assert that insofar as plaintiff seeks documents outside the scope of discovery, he may utilize the records review procedures in place within the California Department of Rehabilitation and Corrections. It appears that defendants have produced documents responsive to the request despite its broad scope. Insofar as defendants properly have interpreted plaintiff's request and plaintiff has not responded otherwise, his motion to compel in this regard is denied is moot. Defendants need not produce plaintiff's entire medical file. They must, however, supplement their responses to the extent required by Federal Rule of Civil Procedure 26(e)(1)(A).

### 15. Request Number 20

Plaintiff seeks, "[a] copy of Plaintiff's 114B (lock-up order) dated May 24, 2005." Incredibly, defendants object that the request is overbroad, vague and seeks information that is outside the scope of discovery. They produced the order and make no argument in support of their objections. The objections are overruled.

### 16. Request Number 21

This request states, "(R&R) 'Receiving and Release' held a Committee on March 22, 2006 for new arrivals. This Committee was composed of supervising officials. A complete copy

of names, titles, and photographs is [sic] necessary to identify a John Doe." Defendants object that the request is vague and compound, but produce a document to which they refer as "Initial Housing Review CDC 1822," dated March 22, 2006. As with the other boilerplate objections, these objections are overruled. Again, plaintiff does not assert that this document was insufficiently responsive. Accordingly defendants are not obliged to supplement further their disclosures except as that duty arises under Federal Rule of Civil Procedure 26(e)(1)(A).

### 17. Request Number 22

Plaintiff seeks "any and all policies, directives, or instructions to staff when confronted by inmates expressing concern for their safety." Defendants object on the usual grounds, i.e., over breadth, vagueness, and irrelevance. Those objections are overruled. Again, defendants produce responsive documents notwithstanding the objections and there is no claim that the response is inadequate. Accordingly, defendants are not obliged to supplement further their disclosures except as that duty arises under Federal Rule of Civil Procedure 26(e)(1)(A).

### 18. Request Number 23

Plaintiff seeks "[a]ny audio or visual recordings available of Plaintiff's Classification Committee held in Receiving and Release on March 22, 2006 p.m. hours." Defendants assert that having conducted reasonable search and inquiry, and that they have no recordings responsive to this request. Plaintiff motion as to this request is denied.

### 19. Requests Numbers 24 and 25

In Request Number 24 , plaintiff seeks "[a]ny and all incident reports/write-ups/investigations/D.A. referrals/dispositions of [a fellow prisoner][6] relevant to the April 4, 2006 stabbing incident of Plaintiff." In Number 25, plaintiff seeks the same sorts of documents with respect to a different prisoner. In response to both requests, defendants make their usual objections of over breadth, irrelevance and privacy rights protected by the California Code of

---

[6] Plaintiff provides the name and CDCR identification number. The court sees no reason to include these details in this order.

13

Regulations. However, they also assert that the documents produced in response to request number 18 are responsive to this request. Plaintiff does not argue that those documents are unresponsive. Defendants' objections are overruled. However, defendants need not supplement their response except to comply with Federal Rule of Civil Procedure 26(e)(1)(A).

### 20. Request Number 26

Plaintiff seeks "[a]ny and all documentation of any witnesses to the incident or aftermath, relating to the incident and parties involved of 'April 4, 2006." Defendants object on grounds of vagueness, over breadth, irrelevance under Rule 26(a) and privacy interests of fellow prisoners pursuant to state regulations. Again, defendants assert that the documents produced in response to Request Number 18 are responsive. The boilerplate objections are overruled and, in light of the absence of any argument with respect to the adequacy of the response, defendants' obligation to supplement their response is governed by Federal Rule of Civil Procedure 26(e)(1)(A).

### 21. Request Number 27

Plaintiff seeks "[a] complete copy of all incoming and outgoing legal mail from March 22, 2006 to present time." Defendants object that this request is overbroad in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome in that in that the effort required to produce all the documents plaintiff seeks is wildly out of proportion to the existing documents that could be responsive to plaintiff's request and seeks information protected from disclosure by Cal. Code Regs. tit 15, §§ 3321 and 3370. In their opposition to plaintiff's motion, defendants assert that records of incoming and outgoing legal mail have no conceivable bearing on the case. Plaintiff fails to demonstrate that these documents might contain some information that is within the scope of discovery. Thus, defendants' objection based on Rule 26(c) is sustained and plaintiff's motion as to this request is denied.

### 22. Requests Numbers 28 & 29

Plaintiff seeks, "a complete copy of Plaintiff's signatures in the legal mailing log-book, where inmates sign off their legal correspondence upon receipt from March 22, 2006 to the

present time." In Number 29, plaintiff seeks, "[a]ny and all policies, directives, or instructions to staff on the management of the legal correspondence log book." Defendants object to both requests on several grounds, including that plaintiff seeks information outside the scope of discovery. Plaintiff does not explain what bearing the information contained in these documents might have on this case. Therefore, defendants' objections are sustained with respect to both requests and plaintiff's motion as to these request is denied.

### 23. Request Number 30

Plaintiff seeks, "[a] complete list of 'post assignment' to the issuance of legal correspondence whenever Plaintiff received legal correspondence, while at High Desert State Prison from March 22, 2006 till [sic] present time." Defendants object that plaintiff seeks information outside the scope of discovery. In particular, defendants argue that no issue in this action, central or peripheral, implicates the possible interference with plaintiff's sending or receiving legal mail. Defs.' Opp'n, at 6. Plaintiff makes no showing that the documents he seeks have any bearing on this action. Therefore, defendants' objection is sustained and plaintiff's motion as to this request is denied.

### 24. Request Number 31

Plaintiff seeks "[a] complete copy of Plaintiff's psych file, any logs, file, notes, lists, documents, observations, recommendations, etc., etc." Defendants object to the temporal breadth of this request, and assert that plaintiff seeks information outside the scope of discovery. Defendants have produced documents dating from April 4, 2006, through May 10, 2006. Plaintiff does not assert that these documents are unresponsive or that other documents should also have been produced. Accordingly, plaintiff's motion to compel is denied as moot. Any obligation to must supplement their response is governed by Federal Rule of Civil Procedure 26(e)(1)(A).

////

////

### 25. Request Number 32

Plaintiff requests "[a]ny and all documents created by any High Desert State Prison staff members from March 22, 2006 to date, relevant to this case and/or the April 4, 2006 incident." Defendants produce a host of documents despite their usual boilerplate objections. The objections are overruled. Given that plaintiff does not contest the responsive nature of these documents or assert that other responsive documents have been withheld, defendants' obligation to supplement their response is governed by Federal Rule of Civil Procedure 26(e)(1)(A).

### 26. Request Number 33

Plaintiff seeks, "[a]ny and all documents, titles, logs, lists, exhibits, writs, or other documentation created by Diana Esquivel, counsel for Defendants, or any of her subordinates." Defendants object that plaintiff seeks documents protected by the attorney work-product doctrine. The work-product doctrine protects against disclosure of documents and tangible items generated or created in anticipation of litigation. Fed. R. Civ. P. 26(b)(3). A court may order a party to produce such documents or items only upon an adverse party's showing that he has "substantial need [for] the materials" and that he faces "undue hardship [in obtaining] the substantial equivalent of the materials by other means." *Id.*  The doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. *In re Grand Jury Subpoena*, 357 F.3d 900, 906 (9th Cir. 2004). Since attorneys often rely on the assistance of investigators and other agents to compile materials in preparation for trial, materials prepared by such agents and investigators are sheltered as if they had been prepared by the attorney himself. *Id.* at 907. Plaintiff clearly seeks "documentation created by" defendants' counsel. However, he has not demonstrated a "substantial need" for any particular information or document, or that he faces any sort of hardship in obtaining the substantial equivalent from a different source. In his motion to compel, plaintiff asserts that defendants' counsel should disclose any information she has that prison officials "compiled in the ordinary course of running the prison . . . ." Pl.'s Mot., at 5. However, the court notes that plaintiff seeks

16

this information pursuant to Rule 34, which allows a party to obtain documents or other tangible things from any other *party*.  Counsel is not a party to this action, and plaintiff has not demonstrated that the defendants' access to information they have provided their attorney is in any way subject to his request for production.  Defendants' objection is sustained and plaintiff's motion as to this request is denied.

     Accordingly, it is ORDERED that plaintiff's December 22, 2008, motion to compel is granted in part and denied in part as explained above.  As to those portions where the court required defendants to supplement their responses, those supplements shall be done within 30 days of the date of this order and shall include grievances and complaints submitted up to six months before the events giving rise to this action.

Dated:  June 16, 2009.

                                                                                EDMUND F. BRENNAN  
                                                                                UNITED STATES MAGISTRATE JUDGE