IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIO CESAR IBANEZ,

      Plaintiff,                    No. CIV S-06-2668 JAM EFB P

      vs.

M. MILLER, et al.,

      Defendants.            <u>ORDER</u>

_____/

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He previously filed a motion to compel the production of documents, Dckt. No. 32, which the court denied in part and granted in part. Dckt. No. 44. His sixth request was granted and his motion otherwise was denied. Defendants have moved for reconsideration of that ruling. They also requested a stay of the order directing them to turn over documents responsive to Request No. 6 pending ruling on the motion for reconsideration. The request for stay was previously granted, dckt. No. 52, and for the reasons explained below, defendants' motion for reconsideration is hereby granted.

**I.    Background**

     This action proceeds on the second amended complaint, ("Sec. Am. Compl."), in which plaintiff claims that during a meeting of the Initial Classification Committee ("ICC"), defendants

1

M. Wright, M. Townsend and D. Patton ordered plaintiff to be housed in an area where these defendants knew plaintiff was vulnerable to attack by gang members. Sec. Am. Compl., at 7-8. Thereafter, according to the complaint, unidentified officers released plaintiff to the yard, where members of that gang attacked him. *Id.*, at 8.

In conducting discovery as to this claim, plaintiff requested that defendants produce several documents. Request No. 6 asked defendants to produce "any and all policies, directives, or instructions to staff on how to respond to an alarm on the yard in a general population setting." Dckt. No. 32, Ex. 1, at 3. Defendants responded by identifying, among other documents, Operational Procedure 102, (hereafter OP-102), as responsive. But defendants asserted boilerplate objections that Request No. 6 was "overbroad," "vague," and "irrelevant." These objections were unexplained. Moreover, conspicuously absent from the defendants' Response No. 6 is any expressed statement that the requested information is subject to a privilege. To the extent one might infer an intent to assert a privilege, there are no factual representations in defendant's Response No. 6 that explains any basis for a privilege or that the information would compromise vital prison security information. Rather, after stating objections unrelated to privilege, the response states that a redacted form was being produced and adds, without any explanation, a reference to an "attached privilege log."[1] Dckt. No. 32 Ex. 1, at 18, 33, Ex. B. The log itself provides no factual support for a privilege. *Id.*

---

[1] The defendants' response does not properly assert any privilege. It merely states:

RESPONSE TO REQUEST 6

Defendants object to this request on the grounds it is overbroad in time and scope, is vague in its entirety, and is irrelevant and not reasonably calculated to lead to the discovery of admissibile evidence. Without waiving these objections, Defendants produce, in redantcted form, High Desrt State Prison (HDSP) Operational Procedure #102–Alarm Response as Exhibit 5. See attached Privilege Log.

Pl.'s Mot. to Comp., Ex. 1, at 15. Although the response references an attached privilege log, the log itself refers only to Requests 5 and 17. *Id.* at 44. With the response defendants produced a privilege log with the first of page of OP-102, describing its scope.

2

1  Plaintiff's motion to compel requested that defendants be directed to produce all
2  documents responsive to Request No. 6.  Dckt. No. 32.  Defendants opposed plaintiff's motion,
3  but did not specifically rely on Rule 26.  Dckt. No. 33, at 7.  Although the opposition repeated
4  the objections and argued that the requested document is privileged, it neither explained how the
5  asserted privilege applies under controlling principles of federal law, or what facts demonstrate
6  how the requested information was covered by the privilege.  Accordingly, the boilerplate
7  objections were overruled and defendants were ordered to turn over the pages they had withheld.
8  Defendants now seek reconsideration of that ruling.

**II.      Standards Governing Reconsideration**

The party seeking reconsideration must "set[] forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including" the grounds for the motion and why they were not presented in the prior motion.  Local Rule 78-230(k).

**III.     Analysis**

Defendants fault the court for overruling their objection that plaintiff's Request No. 6 sought information outside the scope of discovery.  Def.'s Mot. to Recon., at 5.  They repeat their argument that the information sought has no relevance.  Plaintiff argues that OP-102 is relevant to the alleged security lapse during which he was attacked.[2]  Pl.'s Opp'n, at 4.

While it was adequately discussed in the order on plaintiff's motion to compel, the court finds it helpful to revisit the law applicable to this objection.  In order to ensure expeditious, inexpensive and fair disposition of actions, the Federal Rules of Civil Procedure permit a broad scope of discovery.  Generally, discoverable information includes "any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1).  Regardless of its admissibility at trial, information may be discovered if it "appears reasonably calculated to lead to the discovery of admissible evidence."  *Id*.  Thus, the scope of discovery is not limited to the

---

[2] Plaintiff does not mention a security lapse in his complaint.

issues presented in the pleadings. *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Instead, the rule "is construed broadly and includes any matter that bears on any issue that is or may be in the case." *Id.*. Its purpose is to "define and clarify the issues" presented. *Miller v. Panucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992). The party objecting to a request to produce documents must allege specific facts showing why the discovery should not be had.

In overruling defendants' Rule 26(b) objection, the court pointed out that defendants failed to satisfy *their* burden of showing why it should be sustained. That finding is entirely consistent with the record here. Their discovery response asserted boilerplate objections purporting to invoke Rule 26(b)(2), but offered no supporting basis for the objections. Their opposition to plaintiff's motion to compel did not specifically rely on Rule 26(b)(2), but argued that OP-102 was not likely to lead to the discovery of admissible evidence "since defendants were not involved in, nor did they respond to, plaintiff's stabbing on April 4, 2006." Dckt. No. 33 at 7. Apart from these assertions, defendants did not substantiate their Rule 26(b) objections with specific facts showing why the discovery should not be had.

However, notwithstanding defendants' failure to properly respond to the discovery request, the court reconsiders its earlier ruling as to whether OP-102 is subject to the Official Information privilege. To be clear, the court does not approve of the manner in which defendants have proceeded here. Belatedly asserting and then seeking to justify an assertion of a privilege until a motion for reconsideration of a discovery order is inappropriate. However, it has now been made apparent that release of the document, OP-102, would compromise prison security and result in consequences beyond that necessary to address defendant's improper discovery responses. While the inadequate response by defendants--both in the response to the discovery request and the opposition to the motion to compel--might at some point be grounds for other less draconian action, for the reasons discussed below requiring the disclosure of the prison security information in question here is not the proper remedy.

4

The court grants reconsideration of the order in light of information provided in the declaration of Associate Warden Wright submitted in support of the motion for reconsideration.[3] That declaration and the court's *in camera* review of the operational procedures document establish that OP-102 contains critical prison security information that, if disclosed, could endanger prison staff and compromise tactical responses to prison alarms. Although defendants improperly failed to support their initial assertion of the Official Information Privilege, *see Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Calif., 1995), and did not submit the required declaration until the filing of their motion for reconsideration, the court here balances the probable harm from disclosure and the gravity of that harm--both of which are significant--against any prejudice to the plaintiff by permitting a belated foundation for asserting the privilege in this case.

The harm likely to result from disclosure is adequately addressed in Associate Warden Wright's declaration and it appears probable that release of the information would, indeed, compromise tactical responses to disturbances and other prison alarms. Moreover, the gravity of harm from such a compromise includes endangering the safety of Correctional Officers and other prison staff, as well as other inmates. Weighing in plaintiff's favor is his argument that OP-102 may be relevant to whether defendants "responded to the stabbing incident or were involved in the response of prison staff to his stabbing in the yard." Def.'s Mot. to Recon., at 5. While his argument suggests some plausible relevance, it is attenuated. Plaintiff presents reasons why the information might possibly be helpful to him but he has not shown a compelling need for the document to be able to advance his claims regarding the defendants' role on the ICC. In short, he can present his claim without the document.

Plaintiff argues that defendant Wright has some responsibility because he supervised officers who worked on the yard where plaintiff was attacked and was in charge of training those

---

[3] Defendants acknowledge that this declaration should have been submitted upon the initial assertion that the document, OP-102, is protected from disclosure. Dckt. No. 50, at 6.

5

officers on how to respond to disturbances. Pl.'s Opp'n, at 4.  Yet plaintiff's complaint does not claim that defendants themselves released plaintiff to the yard or that they were directly responsible for intervening to prevent plaintiff from being attacked.  The court has reviewed OP-102 and notes that it addresses only when and how prison officials respond to disruptive events.  As defendants' involvement was to house plaintiff where he allegedly should not have been, the security information on how to respond to alarms is neither critical nor particularly helpful to plaintiff's claim that the classification committee housed him in an area where they knew plaintiff was vulnerable to attack.  The contents of OP-102 will not assist in establishing defendants' knowledge or decisions in their roles on the ICC that placed plaintiff in the general population.[4]

In their motion for reconsideration, defendants have, for the first time, adequately supported their objection that Request No. 6 seeks information that would jeopardize prison security and should be protected from disclosure under the Official Information Privilege.  *Soto*, 162 F.R.D. at 613.  Accordingly, this objection is sustained, and defendants need not turn over OP-102.

**IV.   Conclusion**

Upon reconsideration, the court finds defendants' objection that plaintiff's Request No. 6 seeks information protected from disclosure is sustained.  Accordingly, it is ORDERED that defendants' August 21, 2009, motion for reconsideration is granted and defendants need not produce the document identified as OP-102.

Dated:  October 22, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff's argument that Wright was a supervisor does not alter the outcome. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

6