IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIO CESAR IBANEZ,

    Plaintiff,                       No. CIV S-06-2668 JAM EFB P

    vs.

M. MILLER, et al,

        Defendants.          <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's November 22, 2006 complaint. Pending before the court are plaintiff's motion for leave to amend his complaint to name a "Doe" defendant and defendants' motion for summary judgment.

       Plaintiff seeks leave to amend his complaint to identify Lieutenant Bwaer as the "John Doe" he described in his other complaints. A party needs leave of the court to amend a pleading after a responsive pleading has been filed, but such leave should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has construed Rule 15(a) broadly, requiring that leave to amend be granted with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987) (describing a "strong policy permitting amendment"). When the underlying facts or

1

circumstances may form the proper basis for relief, the opportunity to "test his claim on the merits" should be given to the plaintiff. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In determining whether the court should grant leave to amend, it must consider the following factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Not all of the factors merit equal consideration: prejudice is the "touchstone of the inquiry under rule 15(a)" and "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Futility of amendment, by itself, can also justify the denial of a motion to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Defendants argue that the court should deny plaintiff's motion to amend because plaintiff delayed in bringing the motion, Bwaer will be prejudiced if he is now named as a defendant, and the amendment is futile. Defs.' Opp'n at 1. Defendants assert that plaintiff has unduly delayed in bringing this motion because defendants produced a document signed by Lieutenant Bwaer during discovery, and therefore plaintiff should have been aware of Bwaer's identity since December 2008. *Id.* at 2. However, the court told plaintiff in December 2007 that it would set a deadline for filing such an amended complaint in its scheduling order. *See* Dckt. No. 13. Due to a clerical error, the court never set the deadline. Accordingly, while it is true that plaintiff delayed in bringing this motion, it is possible that the delay was due to confusion occasioned by the failure to set a deadline. Contrary to defendants' assertion that the delay could only be tactical, there is no evidence that this motion was brought in bad faith. *See* Defs.' Opp'n at 3.

Defendants also assert that Bwaer would be prejudiced if he was added to the suit because discovery is now closed and he has not had the opportunity to join in defendants' motion for summary judgment. As plaintiff points out, his previous complaints contained detailed allegations against "John Doe," and the parties specifically discussed plaintiff's plan to amend

his complaint to identify "John Doe" at his October 2008 deposition. Pl.'s Reply at 2. Thus, defendants have long known that plaintiff planned to add Bwaer as a defendant. While Bwaer would certainly be prejudiced if he was not allowed to participate in discovery or join defendants' summary judgment motion, any potential prejudice can be cured by reopening discovery and allowing defendants to amend their summary judgment motion.

Finally, defendants assert that adding Bwaer as a defendant would be futile because "Plaintiff does not allege that he suffered any harm as a result of Bwaer's actions." Defs.'Opp'n at 3. The court has already noted that plaintiff has stated a cognizable claim against Bwaer. *See* Dckt. No. 13. Plaintiff alleges that Bwaer was on the first committee that improperly categorized him, and that he was later injured as a result of the categorization. It is true that a second committee had an opportunity to change the categorization, but that does not mean that the first committee's decision did not cause plaintiff's injuries. Hence, amendment would not necessarily be futile.

Plaintiff has previously amended his complaint, but this alone does not justify denying his motion for leave to amend. After considering all of the factors, the court finds that plaintiff's motion for leave to file an amended complaint must be granted.

As Bwaer has not had an opportunity to participate in discovery, the court will reopen discovery for the limited purpose of allowing Bwaer and the plaintiff to propound discovery on one another. As discovery is not yet complete, defendants' motion for summary judgment is denied without prejudice. *See* Fed. R. Civ. P. 56(f). Defendants may renew their motion after the close of discovery. Defendant may either file an amended motion including a new brief and supporting documents, or simply renew the one previously filed by filing a notice of such renewal.

Accordingly, it is ORDERED that:

1. Plaintiff's September 14, 2009 motion for leave to amend is granted.

////

2. The parties may conduct discovery until April 30, 2010. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than 45 days before that date.

3. Defendant's April 10, 2009 motion for summary judgment is denied without prejudice. Defendant may re-file the motion or file a new motion for summary judgment on or before May 31, 2010.

Dated: February 2, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE